United States Court of Appeals
For the First Circuit

**EASTHAMPTON SAVINGS BANK;
CHICOPEE SAVINGS BANK;
HAMPDEN BANK; UNITED BANK;
MONSON SAVINGS BANK; COUNRTY
BANK FOR SAVINGS,**
   Plaintiffs/Appellants,
   v.

**CITY OF SPRINGFIELD,**
   Defendant/Appellee.

CASE NO. 12-1917

---

### DEFENDANT/APPELLEE CITY OF SPRINGFIELD'S MEMORANDUM OF LAW IN RESPONSE TO ORDER OF COURT DATED DECEMBER 24, 2014

---

Now comes the Defendant/Appellee, the City of Springfield ("the City") in in the above captioned case and submits this memorandum in response to the Order of Court dated December 24, 2014.

The City herein states that the effect of the Massachusetts Supreme Judicial Court's ("SJC") Opinion dated December 19, 2014, on the present appeal, is to provide this Court with definitive answers to the two state law questions certified by the Court, on issues which are determinative of the cause of action pending. The City respectfully submits that the Court should adopt the Opinion of the SJC in issuing an Order in the above action, invalidating the two City of Springfield Ordinances in question on the grounds that they are preempted by Massachusetts law as set forth in the opinion of the SJC, and dismissing the remaining Federal claims alleged in the action, without costs.

In certifying two questions to the SJC[1], the Court's October 22, 2013 Order provides that the "Massachusetts Supreme Court permits a federal court to certify a question to it 'if there

---

[1] The two questions certified by the Court to the SJC were:

1

are involved in any proceeding before it questions of law of this State which may be determinative to the cause then pending in the certifying court there is no controlling precedent in the decisions of this court'" *Opinion of the United States Court of Appeals for the First Circuit, dated October 22, 2013,* Pg. 7, citing Mass. S.J.C. R. 1:03.

This Court stated that the outcome of the present action turned on the questions of state law raised by the Appellant Banks, and explained that the "issues of state law will be determinative in this case." *Opinion of the United States Court of Appeals for the First Circuit, dated October 22, 2013,* Pg. 7. In reaching this conclusion, the Court reasoned that "we need not now reach the banks' Contracts Clause argument because the state law issues, which will be determinative with respect to mortgages created after the enactment date of the Ordinances, will also be determinative as to those existing before the enactment date." *Opinion of the United States Court of Appeals for the First Circuit, dated October 22, 2013,* Pg. 9. At the conclusion of its October 22, 2013, Order, this Court states that it will "retain jurisdiction over this appeal, and the Contracts Clause question, pending resolution of the certified questions." *Opinion of the United States Court of Appeals for the First Circuit, dated October 22, 2013,* Pg. 15.

The SJC's Opinion found that the Registration and Maintenance Ordinance, Chapter 285, Article II, was preempted by the Massachusetts Oil and Hazardous Waste Release Prevention Act (M.G.L. c. 21E) and the State Sanitary Code (M.G.L. c. 111 section 127A – 127L and 105 CMR 400). Here, the SJC reasoned that the Ordinance was inconsistent with M.G.L. c. 21E on the basis that under certain circumstances, the Ordinance imposed liability on mortgagees which

---

1.) Are Springfield's municipal ordinances Chapter 285, Article II, "Vacant or Foreclosing Residential Property" (the Foreclosure Ordinance) or Chapter 182, Article I, "Mediation of Foreclosures of Owner-Occupied Residential Properties" (the Mediation Ordinance) preempted, in part or in whole, by those state laws and regulations identified by the plaintiffs?
2.) Does the Foreclosure Ordinance import an unlawful tax in violation of the Constitution of the Commonwealth of Massachusetts?

would "defeat the safe harbor for secured lenders provided by the Legislature." *Opinion of the Massachusetts Supreme Judicial Court, dated December 19, 2014*, Pg. 16. Similarly, the SJC stated that Chapter 285, Article II's mandate of the posting of a $10,000.00 bond exceeded the surety bond requirements set forth under the State Sanitary Code, and that such a discrepancy amounted to fatal conflict between the local and state law. "The city, by the terms of the code, may require only a surety bond in the manner the code allows. The foreclosure ordinance requires a surety bond in circumstances different from those of the code. Thus the foreclosure ordinance conflicts with the code." *Opinion of the Massachusetts Supreme Judicial Court, dated December 19, 2014*, Pg. 21.

The SJC's Opinion further states that the Foreclosure Mediation Ordinance, Chapter 182, Article I, is preempted by the Massachusetts Foreclosure Statute (M.G.L. c. 244). Here, the SJC opined that a sharp conflict existed where Chapter 182, Article I did not allow a mortgagee to proceed with foreclosure before obtaining a certificate from the City showing compliance with the Mediation Ordinance. Further, the SJC reasoned, "the mediation ordinance alters what the Legislature determined, as a matter of policy, to be the just medium between the parties involved in the contemplation of a mortgage foreclosure. By doing so, the ordinance necessarily 'frustrate[s] the purpose" of the foreclosure statue [citation omitted]". *Opinion of the Massachusetts Supreme Judicial Court, dated December 19, 2014*, Pg. 12.

The SJC looked to the recent actions of the state legislature in this field as support for their determination that "the foreclosure process is wholly a matter of State regulation absent an expression of a clear intent to allow local regulation...we discern a legislative intent to occupy the field to the exclusion of other options – including further regulation at the local level." *Opinion of the Massachusetts Supreme Judicial Court, dated December 19, 2014*, Pg. 13. The

SJC further emphasizes that the Ordinances in question are preempted by state law, and includes a statement that a legislative solution at the state level would be a more appropriate means for accomplishing what the City attempted to accomplish with the passage of the Ordinances. "We recognize that the city of Springfield has attempted to address the serious problem of urban blight within its borders through these ordinances. Although we conclude that the city may not achieve its goal by ordinance as it here attempted, a solution may be provided through the Legislature. " *Opinion of the Massachusetts Supreme Judicial Court, dated December 19, 2014*, Pg. 27.

The SJC's December 19th, 2014, Opinion provides conclusive answers on the two state law questions identified by this court as determinative of the action pending. This Court stated in its October 22, 2013 Opinion that "only a decision based on state law or the Massachusetts Constitution will give the banks the full measure of relief they seek." *Opinion of the United States Court of Appeals for the First Circuit, dated October 22, 2013,* Pg. 9. Here, by adopting the SJC's Opinion, the Court would issue a decision based on state law that provides the Appellant/banks with the full measure of relief that has been sought, invalidation of the City Ordinances in question. As such, this Court need not reach the Appellant Banks argument on the remaining Federal Contracts clause claim.

## Conclusion

For the above reasons, the Defendant/Appellee, the City of Springfield, respectfully requests that this Court adopt the Opinion of the Massachusetts Supreme Judicial Court, dated December 19, 2014, as the basis of an Order in the above titled matter, and that the remaining Federal claims in this action be dismissed without costs.

Respectfully submitted.

Dated: January 7, 2014

On behalf of the Defendant/Appellee
City of Springfield
By its Attorney:

_____/s/ Thomas D. Moore_____
Thomas D. Moore Esq. Bar No. 1154107
Associate City Solicitor
City of Springfield
Law Department
36 Court Street
Springfield, Massachusetts 01103
Telephone: (413) 886-5207
Telefax:    (413) 787-6173

**CERTIFICATE OF SERVICE**

I, Thomas D. Moore, hereby certify that on December 7, 2014, I electronically filed the Defendants/Appellees' Memorandum of Law, with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the foregoing document filed through the CM/ECF system will be sent electronically to Plaintiff/Appellant's counsel of record, Tani Sapirstein, of Sapirstein & Sapirstein, P.C., 1350 Main Street, 12th Floor, Springfield, MA 01103, and to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Thomas D. Moore

_____
Thomas D. Moore