**United States Court Of Appeals**
**For The First Circuit**

---

**No. 12-1917**
**EASTHAMPTON SAVINGS BANK; CHICOPEE SAVINGS BANK;**
**HAMPDEN BANK; UNITED BANK; MONSON SAVINGS BANK;**
**COUNTRY BANK FOR SAVINGS,**

**Plaintiffs-Appellants,**

**v.**

**CITY OF SPRINGFIELD,**

**Defendant-Appellee.**

<u>**MEMORANDUM OF THE PLAINTIFFS/APPELLANTS**</u>
<u>**PURSUANT TO ORDER OF THE**</u>
<u>**COURT DATED DECEMBER 24, 2014**</u>

I.   <u>PROCEDURAL HISTORY</u>

On December 8, 2011, six local banks ("Banks") filed a Complaint for Declaratory Judgment and Equitable Relief against the City of Springfield ("City") in Hampden County Superior Court challenging two local ordinances. One ordinance mandated mediation and the other required foreclosing mortgagees to maintain and repair buildings. The basis for the Complaint was that the subject ordinances conflicted with existing state statutes:  the Foreclosure Statute (Mass. General Laws, c. 244), the State Sanitary Code (G.L. c. 111), and the Hazardous Waste Statute (G.L. c. 21E), violated the Contracts Clause under the U.S. Constitution; and the mandatory bond constituted an illegal

tax. The City removed the cause of action to the United States District Court, District of Massachusetts.

On May 30, 2012, the Banks filed a Motion for Judgment. On June 6, 2012, the City filed a Reply and Opposition to the Motion for Judgment and Cross Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. The District Court allowed the City's motion. Judgment entered in the City's favor on July 3, 2012. On July 20, 2012, the Banks filed a Notice of Appeal. After oral argument, this Court certified the following questions to the Supreme Judicial Court: "1. Are Springfield's municipal ordinances, Chapter 285, Article II, 'Vacant or Foreclosing Residential Property' (the Foreclosure Ordinance) or Chapter 182, Article I, 'Mediation of Foreclosures of Owner-Occupied Residential Properties' (the Mediation Ordinance) preempted, in part or in whole, by those state laws and regulations identified by the plaintiffs?  2. Does the Foreclosure Ordinance impose an unlawful tax in violation of the Constitution of the Commonwealth of Massachusetts?" pursuant to Supreme Judicial Court Rule 1:03.

The Supreme Judicial Court responded that the Mediation Ordinance is preempted by G.L. c. 244 and that the Foreclosure Ordinance is preempted by G.L. c. 21E and G.L. c. 111 but not by G.L. c. 244. The Foreclosure Ordinance does not impose an

unlawful tax in violation of the Constitution of the Commonwealth of Massachusetts.

## II. LEGAL ARGUMENT

### A. Authority Of Municipalities To Adopt Local Ordinances.

As noted by the Supreme Judicial Court, the Home Rule Amendment and the Home Rules Procedures Act "authorizes a municipality by ordinance or bylaw to 'exercise any power or function which the general court has power to confer upon it, which is not inconsistent with the Constitution or laws enacted by the general court in conformity with powers reserved to the general court by section eight' of the Home Rule Amendment." *Easthampton Savings Bank v. City of Springfield*, SJC 11612 12/19/2014, pp. 7-8. The City adopted the Ordinances pursuant to the authority granted to municipalities by the Home Rules Procedures Act (G.L. c. 43B, §13).

### B. The Mediation Ordinance Is Preempted By Existing State Law.

Legislative intent to bar local ordinances can be express or implied. In the instant case, the Legislature did not expressly articulate the intent to preclude local action. Rather, the statutes which preempt the Ordinances are so comprehensive that an inference that the Legislature intended to preempt the field is justified. If a local ordinance is deemed to be repugnant to or preempted by state law, the local

3

ordinance or by-law is invalid. *Bloom v. City of Worcester,* 363 Mass. 136, 150-151 (1973).

"In some instances, legislation on a subject is so comprehensive that an inference would be justified that the Legislature intended to preempt the field." *Town of Wendell v. Attorney General*, 394 Mass. 518, 524 (1985). The Supreme Judicial Court concluded that the Mediation Ordinance was preempted by the foreclosure statute. "Accordingly, we discern a legislative intent to occupy the field to the exclusion of other options -- including further regulation at the local level." (Decision, p. 13). In addition to concluding that the Mediation Ordinance was preempted by the foreclosure statute as a result of the legislative intent to occupy the field of foreclosure regulation, the Supreme Judicial Court observed that mortgage foreclosure regulation has traditionally "been a matter of state, and not local, concern." (Decision, p. 12). Thus, the Mediation Ordinance is preempted by the foreclosure statute. It is therefore invalid and cannot be enforced.

### C. The Foreclosure Ordinance Is Preempted By State Law.

The Foreclosure Ordinance is preempted by G.L. c. 21E the Oil and Hazardous Material Release Protection Act ("OHMRPA"). The Foreclosure Ordinance imposes requirements on lenders to remove hazardous material from vacant and foreclosing property to the satisfaction of the fire commissioner. The imposition of

this responsibility and exposure to liability conflicts with and defeats the Safe Harbor Provision provided to lenders by the Legislature. (Decision, p. 16). Compliance with the Foreclosure Ordinance requires lenders to enter the subject property and assume possession. Compliance with the Foreclosure Ordinance could result in liability under OHMRPA as a mortgagee in possession. This would eliminte the Safe Harbor Provision provided to lenders by the Legislature. The Foreclosure Ordinance conflicts with OHMRPA.

The Foreclosure Ordinance also conflicts with the State Sanitary Code by placing a heavier burden on an owner than does the State Sanitary Code. The Supreme Judicial Court determined that by requiring a bond when the State Sanitary Code would not require a bond, the Foreclosure Ordinance conflicts with and is preempted by state law. "`Given the comprehensiveness of the [code] and the remedies provided therein,' it is inconsistent with the code for a municipality to require a surety bond of an owner in situations where the code would require none." (Decision, p. 21 citing *Boston Gas Co. v. Newton*, 425 Mass. 697, 704-705 (1997)).

Local ordinances which conflict with and are preempted by state law are invalid and may not stand. *Boston Gas Co. v. City of Newton*, 425 Mass. 697, 703 (1997). "Where the Legislature demonstrates its express intention to preempt local action,

inconsistent local regulations are invalid under the Home Rule Amendment." *St. George Greek Orthodox Cathedral of Western Massachusetts, Inc. v. Fire Department of Springfield*, 462 Mass. 120, 129 (2012).

As the Supreme Judicial Court determined that the Mediation Ordinance was preempted by G.L. c. 244 and that the Foreclosure Ordinance was preempted by G.L. c. 111 and G.L. c. 21E, these ordinances should be deemed to be invalid and unenforceable.

### III. CONCLUSION

The Supreme Judicial Court determined that the answer to the question "Are Springfield's municipal ordinances Chapter 285, Article II, Vacant or Foreclosing Residential Property (the Foreclosure Ordinance) or Chapter 182, Article I Mediation of Foreclosure of Owner-Occupied Residential Properties (the Mediation Ordinance) preempted, in part or in whole, by those state laws and regulations identified by the plaintiffs?" is in the affirmative. Therefore, these ordinances are invalid and cannot stand. The Foreclosure Ordinance and the Mediation Ordinance should be deemed to be invalid and unenforceable under the Home Rule Amendment. As suggested by the Supreme Judicial Court, the problem of urban blight should be addressed by the Legislature, not by municipalities. The Plaintiffs/Appellants hereby request that this Court reverse judgment entered in favor of the City of Springfield, enter judgment in their favor, allow

the Plaintiffs'/Appellants' Motion for Judgment as a Matter of Law and deny the Motion to Dismiss or in the alternative for Summary Judgment filed by the City of Springfield.

                                      Respectfully submitted,

                                      The Plaintiffs/Appellants,
                                      Easthampton Savings Bank, et al,
                                      By their attorney,

                                      /s/ Tani E. Sapirstein
                                      Tani E. Sapirstein, Esq.
                                      B.B.O. No. 236850
                                      United States Court of
                                      Appeals Bar No. 18688
                                      United States District Court
                                      Bar No. 21160
                                      SAPIRSTEIN & SAPIRSTEIN, P.C.
                                      1350 Main Street, 12th Floor
                                      Springfield, MA 01103
                                      Tel. (413) 827-7500
Dated:  January 7, 2015      Fax (413) 827-7797

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Edward M. Pikula, Esq.
Lisa C. deSousa, Esq.
Thomas D. Moore, Esq.
Anthony I. Wilson, Esq.
City of Springfield Law Department
36 Court Street
Springfield, MA 01103

Thomas M. Hefferon, Esq.
William F. Sheehan, Esq.
Goodwin Proctor LLP
901 New York Ave., N.W.
Washington, DC 20001

Brenda R. Sharton, Esq.
Goodwin Proctor LLP
Exchange Place
Boston, MA 02109

Lee D. Goldstein, Esq.
Harvard Legal Aid Bureau
23 Everett Street, First Floor
Cambridge, MA 02138

Robert Rowe, III, Esq.
American Bankers Association
1120 Connecticut Avenue NW
Washington, DC 20036

Francis Nolan, Esq.
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458

Michael McDonough, General Counsel
Massachusetts Association of Realtors
1400 Main St.
Waltham, MA 02451

Henry C. Lutin, First Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201

Brandon H. Moss, Esq.
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169


Dated:  January 7, 2015         /s/ Tani E. Sapirstein___
                                Tani E. Sapirstein, Esq.


K:\CASEFILE\MA  Bankers Assoc.663\Memo pur to Order of 12-24-14 dated 1-6-15.doc